62  472
56a 431

## Cassius G. Whitney

### *v.*

## John Allen.

1. Libel—Privileged communication. On the trial of an action on the case for libel, the plaintiff offered in evidence a petition to the judge of the circuit court, signed by the defendant and others, charging the plaintiff with gross neglect of his duty as State's attorney of the circuit; with being wilfully and corruptly guilty of oppression in office, and of corrupt malfeasance in office; of taking bribes from parties accused and indicted, and in pursuance of corrupt agreements releasing them from prosecution, and containing many and various specific charges, and concluding by asking the judge to suspend the plaintiff from the discharge of the duties of his office until the grand jury could investigate the charges. The circuit court on objection refused to admit the same as evidence, on the ground that it was a privileged communication: *Held*, that the court erred in refusing to admit the same. It should have been admitted, and then the question would be whether it was presented in good faith for the purpose of having a State's attorney *pro tem* appointed to prepare and prosecute an indictment against the plaintiff, or prepared for a bad purpose and from malicious motives.

Appeal from the Circuit Court of Fulton County; the Hon. C. L. Higbee, Judge, presiding.

Messrs. Shope, Fullerton, Green & Foster, for the appellant.

Messrs. Ingersoll & McCune, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This was an action on the case for a libel, in the Mason Circuit Court.

The libellous paper, so called, is set out in the declaration, and appears to be a petition, signed by the defendant, addressed to the judge of the 21st judicial circuit, of which Mason County is a part, charging appellant with gross neglect of his duty as State's attorney of that circuit; with being wilfully and corruptly guilty of oppression in office, and of corrupt malfeas-

ance in office; of taking bribes from parties accused and indicted, and in pursuance of corrupt agreements releasing them from prosecution, and containing many and various specifications.

On the trial of the cause, on a change of venue to Fulton County, the plaintiff proposed to read in evidence to the jury the original petition. On objection by the defendant, the court refused to permit the petition to be read in evidence. To this ruling an exception was taken. The jury found for the defendant, and the court rendered a judgment on the verdict.

To reverse this judgment the record is brought here by appeal, and the only error assigned is the refusal of the court to admit, as evidence, the original petition on which the libel was predicated. The ground for rejecting it being, as we understand, that it was a privileged communication, which can not be the foundation of a libel.

Admitting, for this occasion, the doctrine contended for, as to privileged communications, it is sufficient to say, the petition does not on its face purport to be in a judicial proceeding. We think it should have been admitted, and then the question would properly have arisen, whether it was presented to the court for the purpose, and in good faith, of having a State's attorney *pro tem* appointed to prepare and prosecute an indictment against the plaintiff, in pursuance of section 110 of the criminal code, R. S. 1845, p. 170.

This the plaintiff might contradict, and show it was prepared for a bad purpose, and from malicious motives.

For the error in excluding the petition the judgment is reversed and the cause remanded that a *venire facias de novo* may be awarded.

*Judgment reversed.*