Ambrosius v. O'Farrell.

## C. A. Ambrosius, et al., v. Tony O'Farrell.

1.  ERROR—*when cannot be urged on appeal.* Alleged errors cannot be urged on appeal in the absence of error having been assigned thereon.

2.  LIBEL—*what does not constitute.* Where citizens of a community address by petition their city council concerning the official conduct of an officer, and in good faith, without malice or ill will, state their grievances, they cannot be held in damages, even if the charge made is that of a crime and may not be proven.

3.  LIBEL—*when instuctions in action for, erroneous.* Instructions in an action for libel which ignore the defense that the publication in question was privileged and which assume that malice and damage are implied from the nature of the publication, when such was not the case, as a matter of law, are erroneous and ground for reversal.

Action for libel. Appeal from the Circuit Court of Madison County; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the August term, 1904. Reversed and remanded. Opinion filed March 17, 1905.

B. H. CANBY, R. GUY KNEEDLER and ALEXANDER W.
HOPE, for appellants.

LANE & COOPER, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action on the case by appellee against ap-
pellants to recover damages for an alleged libel and is based
upon the following petition addressed to the mayor and
city council of the city of Collinsville:

"COLLINSVILLE, ILL., August 21, 1901.

"To THE HONORABLE MAYOR AND CITY COUNCIL:

"We, the undersigned voters of Collinsville, do hereby
petition the City Council as follows: That whereas, our
Police Magistrate, Tony O'Farrell, has been guilty of the
most brazen malfeasance, allowing thugs, criminals and
desperadoes of all character to escape without punishment;
that whereas, our otherwise peaceful community is becom-
ing a home and shelter for outlaws of the most desperate
character, making life and property unsafe and without
protection; and whereas, feeling that an emergency exists
that our city needs immediate relief from this state of af-
fairs; Be it resolved, that the City Council do hereby in-
struct the City Attorney, R. Guy Kneedler, to issue all
complaints in behalf of the city and arraign all criminal
disturbers of the peace, in fact any and all cases in which
the City of Collinsville is involved, before such justice of
the peace that he may deem of sufficient good standing and
ability to enforce the laws and dignity of the City of Col-
linsville."

This petition was signed by appellants and about one
hundred and thirty others, citizens of the city of Collins-
ville, and was presented to the mayor and city council be-
fore whom it was read and on motion accepted, and the city
attorney instructed to act in accordance with the prayer of
the petition. The next morning following the action of the
city council, the city attorney took from appellee all papers

Ambrosius v. O'Farrell.

relating to pending city business and thereafter did not institute or prosecute suits in behalf of the city before appellee as police magistrate.

The declaration is in three counts and alleges that defendants (appellants) "wickedly and maliciously intending to injure and destroy the good name, reputation and honor of the plaintiff (appellee) in the discharge of his duties as police magistrate and to cause him to be regarded as guilty of malfeasance in the discharge of his duties as such police magistrate, and to cause plaintiff to be regarded as unworthy of filling said office, and to prejudice and injure the plaintiff with the mayor and council of the city of Collinsville and with others having business with him as police magistrate, falsely and maliciously wrote and published a certain false, scandalous, malicious, and defamatory libel of and concerning the plaintiff, and of and concerning his office as such police magistrate in the form of a letter or petition addressed to the mayor and city council of the city of Collinsville, containing the false, scandalous, defamatory and libelous matter following, that is to say: The petition is set out in *haec verba* with proper innuendo and formal conclusion alleging damages. Defendants filed a plea of not guilty and several special pleas. Demurrer was sustained to the special pleas. The case was tried on the general issue by a jury at the March term, 1904, of the Circuit Court and a verdict in favor of plaintiff for $1,500 was returned. Motion by defendants for new trial was denied and judgment entered on the verdict for $1,500. Defendants appealed.

Complaint is made of the rulings of the trial court in sustaining the demurrers to the several special pleas filed by the defendants. As no error has been assigned upon these rulings the action of the trial court in that respect is not now subject to review.

In support of his declaration plaintiff proved the signature of the defendants to the petition; that it was presented to and received by the mayor and city council; that it was read before that body and by it accepted and the

prayer of the petitioners granted; that the city attorney pursuant to the action of the city council withdrew from the plaintiff all city business pending before him as police magistrate, and thereafter did not bring any suits in behalf of the city before him as police magistrate. The petition was offered in evidence by the plaintiff and over objections of defendants was permitted to go to the jury. Plaintiff himself testified as to damages. This is substantially all the evidence offered by the plaintiff. At the close of plaintiff's evidence defendants moved the court to instruct the jury to find defendants not guilty. The motion was denied and the instruction refused, and this is assigned and urged as error, which will be considered later. Defendants were severally called in their own behalf and permitted to testify that when they signed the petition they had no malice or ill-will towards the plaintiff, and that their relations with the plaintiff up to that time and thereafter were friendly. This is the substance of all the evidence that was allowed to go to the jury in defense. In examination of one or more of the defendants, the following questions were asked and objection thereto sustained: "Now, I will ask you to state whether or not at the time you signed this petition you honestly believed the facts recited in it were true?". "Q. You may state how you came to sign it (the petition), when it was, and at whose instance you signed it?" "Q. What was your motive and object in signing this petition?"   "Q. You may state what grounds you had for believing that the facts stated in the petition were true at the time you signed it?"

As grounds of belief justifying the statement contained in the petition that plaintiff had been guilty of malfeasance in office, defendants offered to prove a number of acts of plaintiff as police magistrate and other facts and circumstances pertaining to his duties as such, all of which tended to impeach his official conduct. This evidence the court also ruled out. At the close of all the evidence defendants renewed their motion to take the case from the jury, which

was denied. The second and fifth instructions given at the instance of the plaintiff are as follows:

2. "The court further instructs the jury that the law implies damages from the publication of libelous words without special proof of damages, and it also implies that the persons who published the libel intends the injury which the libel is calculated to produce."

5. "The jury are instructed that every publication by writing or printing which falsely charges upon or imputes to any one a crime which renders him liable to punishment or which alleges against him that which is calculated to make him infamous, odious or ridiculous in public estimation, is *prima facie* a libel, and malice is implied from the publication thereof."

Exceptions were preserved and error duly assigned upon the rulings of the court on the evidence at the trial and the giving of the instructions as above stated. Within the law of libel and liability for defamation of character official or private, the signing and presentation of the petition which is here alleged as the sole cause of action, was a qualified privilege, and under the facts in this case it was for the court so to instruct the jury. The defendants and other petitioners were acting within their legal right and privilege in this way to address the city council concerning the official conduct of the plaintiff, to state grievances as citizens and to ask redress. In so doing, if they act in good faith without malice or ill-will toward the person of the official complained of, and in the belief that the charges made are founded on fact, they may not be held to liability in damages even though the charge is that of a crime and may not be proved. They may not be required to justify or maintain the truth of the charges as required in the publication of defamatory writing when no privilege exists. On the other hand the law will not permit this salutary right and privilege of citizens to petition the ruler for a redress of grievances, to be used as a pretext and screen by the malicious and evil-disposed in order to traduce and defame the character and reputation of another. Under

the issues made by the pleadings in this case, the petition and its publication being under a qualified privilege, the burden was upon the plaintiff to prove actual malice in the defendants, that is, that the purpose and motive of the defendants was to injure the plaintiff. Presumably the defendants acted in good faith, without malice, for the public good. Though the petition imputes crime to the plaintiff and though the plaintiff is innocent, it must nevertheless be presumed in the start that the petitioners believed him guilty as recited in the petition. In a suit for libel where the question of privilege is not involved, malice is implied if crime is charged, and there is no escape from liability, unless the defendant can justify and prove the truth of the charge. The case is made by the plaintiff by proving publication of the defamatory words and from this malice will be implied and a cause of action established. But in this case no such implication arises, and malice, the gist of the action, must be proved. There is no conflict of authority in this State as to the rule. Besides, it is founded in reason. If the citizen with just cause of complaint may not question the conduct of officials, and the administration of public affairs, in a respectful way by petition to the proper authority, without being subject to an action of damage for libel unless he is prepared with witnesses to prove the truth of statements which are made the foundation of his complaint, a wholesome restraint upon official corruption, extravagance, and mal-administration, would be removed and the public would suffer. Often it is matter of common knowledge that there is failure to execute the laws and enforce the ordinances, especially those relating to the sale of intoxicating liquor, gambling and prostitution, and yet without the aid of the very officials whose conduct is questioned, the truth of the charge of mal-administration could not be proved. With this statement of the issues we now consider the errors assigned and argued. The petition was properly admitted in evidence, for though published under a qualified privilege it was for the consideration of the jury in connection with other circumstances shown in evidence.

The court did not err in refusing to instruct the jury to find defendants not guilty, for with the petition in evidence and the right of the jury to consider its form, language and scope in determining whether the defendants were actuated by malice, we may not say there was no evidence whatever tending to prove the plaintiff's cause of action. The court erred in sustaining objections to the questions above transcribed. The motive and intent of the defendants is all-important in this case, and as already stated the burden is upon the plaintiff to prove actual malice. Consistent with the ruling of the trial court, which properly permitted the defendants to testify that they entertained no malice or ill-will towards the plaintiff, they should have been allowed to testify to their belief in the facts recited in the petition and in a general way, the grounds of their belief; and, also, upon whose instigation and request they signed the petition; all were matters proper for consideration by the jury in determining their motive and intent. The rule which precludes evidence of the truth of the charge without a plea in justification, has only a limited application here, the inquiry being, not whether the plaintiff was guilty of malfeasance in office, but whether the defendants acted in good faith and without malice toward the plaintiff. To prove malice, evidence of all the circumstances connected with the signing and presentation of the petition, what was said by the signers of the petition before or after in relation to the subject, anything tending to show unfriendly relationship between the parties or ill-feeling by the defendants toward the plaintiff, would have been proper evidence in support of the declaration. Likewise, it must be held, that evidence tending to rebut such inference was proper in defense. The evidence offered in proof of particular acts of the plaintiff was properly excluded as it tended to inculpate the plaintiff and thus divert the inquiry to an issue not made by the pleadings. Whether or not the plaintiff was guilty was not the question. It was sufficient in defense that the defendants had been informed and believed that the plaintiff was guilty of malfeasance in office. It matters not from

what source or in what general terms the information was received.

The second and fifth appellee's given instructions are clearly erroneous and fatally prejudicial to the judgment even if the record were otherwise free from error. In this case they were not applicable as propositions of law and were highly misleading. By them the privileged character of the communication was taken from the consideration of the jury. In effect it was tantamount to an instruction that *prima facie* the petition was a libel and that malice and damages should be implied. The plaintiff's tenth instruction is erroneous, in leaving to the jury the question of whether or not the petition was privileged; but of this appellants may not complain for by their given instruction, 9a, they are committed to the same error.

In view of what has already been said we do not deem it necessary to discuss the criticisms of other instructions. So far as they come within propositions of law covered by this opinion they will doubtless be corrected in another trial.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*