**Samuel Iddings, Appellee, v. Allen Houser, Appellant.**

**Gen. No. 7,816.**

1. LIBEL AND SLANDER—*official communication charging nonfeasance or misfeasance as privileged communication.* A communication made by an alderman of a city to the council in the form of an ordinance or resolution setting forth certain charges of nonfeasance or misfeasance in office on the part of the mayor and calling upon the council to appoint a committee by ballot to investigate the charges and, if they should find them well founded, to formulate and report them to the council for a hearing to determine if the mayor is guilty with a view to his removal from office if

the council should find him guilty of the charges, was a privileged
communication for which the author was not liable in an action
of libel, if made in good faith without malice, where the power
to investigate such charges was in the council though it did not
have power to remove the mayor from office.

2. LIBEL AND SLANDER—*burden of proof of want of malice in
privileged communication.* In an action for libel consisting of a
communication by an alderman to the city council of certain
charges against the mayor, the communication being of a privileged
character, it was error to instruct the jury that the burden of
proving that the communication was not maliciously made for the
purpose of injuring plaintiff was upon defendant.

Appeal by defendant from the Circuit Court of Logan county;
the Hon. FRANK LINDLEY, Judge, presiding. Heard in this court
at the October term, 1924. Reversed and remanded with directions.
Opinion filed April 11, 1925. Rehearing denied June 17, 1925.

E. W. MONTGOMERY and COVEY & WOODS, for appellant.

PETER MURPHY and HAROLD F. TRAPP, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

Samuel Iddings, the appellee, brought this suit against the appellant, Allen Houser, to recover damages for an alleged libel uttered and published by the appellant, of and concerning the appellee, who at the time was mayor of the city of Atlanta. The alleged libel appeared in the proceedings of the city council of the city, and consists of certain specific charges against the appellee, of malfeasance and misfeasance in the conduct of the office of mayor. The trial of the case resulted in a verdict finding the appellant guilty, and assessing appellee's damages at $2. Judgment was rendered on the verdict, with costs of the suit, against the appellant, and this appeal is prosecuted from the judgment.

The charges complained of, which the declaration avers were made "maliciously intending to injure" the appellee, are as follows:

"To the City Council of the City of Atlanta, Illinois:

"The undersigned, a member of the city council of the city of Atlanta, Illinois, hereby charges that Samuel Iddings the present mayor of said City of Atlanta, who was duly elected and who has qualified and is now acting as such mayor, and has been from the first Monday of May, 1921, has wilfully neglected and refused to discharge the duties of his office and has been guilty of improper conduct in the discharge of his official duties as mayor, as follows, to-wit:

"First—That he refused to sign three warrants on the City Treasurer of the City of Atlanta, Illinois, in favor of Otto Goeman, for bills allowed and ordered paid by said City Council of said City, and still does refuse to sign same; which said bills were allowed and ordered paid by the said City Council of the City of Atlanta since the said Samuel Iddings became Mayor of said City.

"Second—Because the said Samuel Iddings, since he has qualified as Mayor of said City, was served with process of summons in a suit brought against the said City of Atlanta by Frank Cheek for One Hundred and Sixty Dollars ($160.00), and has refused and wholly neglected to report the same to said City Council, as by ordinance and under the laws of this state he was required to do; and also suffered judgment to be rendered against said City and made no defense thereto, and did not appeal said cause, and did not report said judgment against said City to the City Council, as he was required to do by the ordinance of said City and by the law.

"Third—Because the said Samuel Iddings has caused to be paid from the treasury of said City of Atlanta, funds of said City on a claim which was never presented or allowed by the City Council of said City, or ordered paid by it.

"Fourth—Because the said Samuel Iddings, while Mayor of said City and in that capacity, ordered and caused to be dismissed a complaint issued in favor of said City of Atlanta against one Francis Steinaker, on a charge of gaming within said City, in violation of

the city ordinances of said city, and said Samuel Iddings ordered said complaint dismissed without the consent of the City Council of said City; and said defendant, Francis Steinaker, was afterwards indicted by the Grand Jury of Logan County, Illinois, of the same charge under the State Law and entered a plea of guilty in the Circuit Court of Logan County, Illinois, of said charge.

"Fifth—Because the said Samuel Iddings, as Mayor of said City and in that capacity, took sole charge of the City Water Works System of said City and refused to allow the person ordered by said City Council to operate the same but caused said Water Works to be locked up and thereby caused a water famine so the inhabitants of said City could not obtain good drinking water for a space of two days.

"Sixth—That the said Samuel Iddings has proven by his conduct since his qualification as Mayor of said City, that he is absolutely incompetent to discharge the duties as Mayor of said City.

"Wherefore, the undersigned asks that said City Council of said City appoint by ballot, a committee to consist of three members to examine into these charges and if said committee shall deem them well founded, shall form such charges with such additional charges as they may find probable cause for preferring with proper specifications and report them to the City Council and that the City Council shall then set a day for hearing and determine the same within ten days from such time, to the end that if said charges be preferred and said hearing had thereon and he is found guilty of the specifications, that the said Samuel Iddings be removed from office as Mayor of said City."

To the declaration, the appellee filed the general issue; also the following special pleas:

"And for a further plea in this behalf the defendant says that the plaintiff ought not to have his aforesaid action against him, the defendant, because he says, that at and before the committing of the said supposed grievances in the said declaration mentioned, the plaintiff was then and there the duly

elected, and acting Mayor of the City of Atlanta, Illinois, a municipal corporation and the defendant was then and there a duly elected, qualified and acting Alderman of said city; that there was then and there an ordinance of the said City in full force and effect which provided:

" 'Whenever it shall come to the knowledge of the Mayor or any member of the City Council that any city officer is incompetent, or has wilfully neglected or refused to discharge any of the duties of his office, or has been guilty of any malfeasance, misdemeanor or other improper conduct in the discharge of his official duties, he shall forthwith prefer charges, in writing, against such officer to the City Council, specifying the nature of the offense or offenses with which he is charged.'

"And defendant says and avers that the matters and things complained of in said declaration were each and all a part and portion of charges preferred in writing against the plaintiff and the City Council of said City; that such charges were made and said utterances complained of were made to the City Council of said City, by defendant as an alderman of said City in pursuance of his right and duty as an alderman and member of the city council of said city, and in further pursuance of the duty enjoined upon him by the ordinance aforesaid; that said charges were made and the matters complained of uttered and published before said City Council in good faith and without malice, and that the defendant then and there believed the same to be true, and same were made for the weal and good of said City of Atlanta and as an official act of defendant as a member of the City Council thereof, and that same were privileged and the said matters and things therein contained and the said matters and things complained of in said declaration were each and all privileged and a part of a privileged communication made in good faith and without malice and for justifiable ends.

"And this the defendant is ready to verify; wherefore he prays judgment if the plaintiff ought to have his aforesaid action against him, etc.

"And for a further plea in this behalf the defendant says that at and before the time of the said utterances and grievances complained of in the said declaration, the plaintiff was then and there the duly elected, qualified and acting Mayor of the City of Atlanta, Illinois, a municipal corporation, and the defendant was then and there a duly elected and acting Alderman of said city; that the matters and things and grievances complained of in said declaration were each and all a part of an official statement made and occurring during a regular meeting of the city council of said city and as part of its proceedings; that the same were made and uttered by this defendant as an alderman of said city and in good faith, without malice and for justifiable ends, and were made, uttered and occurred as a part and parcel of the discussion, regulation and conduct of the municipal officers and affairs of said city and in council meeting and in reference to matters connected with and relating to the weal and welfare of said city and were made, uttered and published therein without malice and in good faith and for justifiable ends, and were privileged, and the same and all parts thereof are a privileged communication.

"And this the defendant is ready to verify; wherefore he prays judgment if the plaintiff ought to have his aforesaid action against him, etc."

The court sustained a demurrer to the special pleas, and this is assigned as error. It clearly appears from the special pleas that the communication made to the city council of the city of Atlanta, embracing the charges against the appellee, was made by the appellant in his official capacity as alderman and a member of the city council, and apparently the charges are in conformity with the provisions of an ordinance of the city, which makes it the duty of the members of the city council "in case it comes to their knowledge, that. a mayor of the city has wilfully neglected or refused to discharge any of the duties of his office, or has been guilty of any malfeasance, misdemeanor, or other improper conduct, in the discharge of his official

duties, to prefer charges in writing against such officer, to the city council, specifying the nature of the offense or offenses with which he is charged''; and all the charges preferred had reference to the official conduct of the appellee as mayor of the city. The pleas aver that the appellant, in presenting the communication referred to, had acted in good faith, without malice, and for justifiable ends. Communications charging misconduct in office, made under the circumstances, and in the manner set forth in the pleas, are privileged. Concerning privileged communications the general rule is clearly and correctly stated in 25 Cyc. 385:

''Where a party makes a communication and such communication is prompted by a duty owed either to the public or to a third party, or the communication is one in which the party has an interest and it is made to another having a corresponding interest, the communication is privileged if made in good faith and without actual malice.

''The duty under which the party is privileged to make the communication need not be one having the force of a legal obligation, but it is sufficient if it is social or moral in its nature and defendant in good faith believes he is acting in pursuance thereof, although in fact he is mistaken.''

The Illinois cases, in so far as they apply, are in accord with the general rule cited. In *Haskell v. Perkins*, 165 Ill. App. 144, it is said concerning privileged communications: ''It is well settled that all communications either verbal or written passing between public officials pertaining to their duties, and in the conduct of the public business, are of necessity absolutely privileged.'' In *Young v. Richardson*, 4 Ill. App. 364, the court delineates the difference between communications which are absolutely privileged, and those which are conditionally privileged:

''Upon this question it may be said there are communications that are absolutely privileged, upon which no action for defamation can be based, even

though malice be charged, such as words spoken in a judicial proceeding; testimony given by a witness in a court; and words spoken in a legislative body by its members in matters pertaining to the subject of legislation. Then, again, there is a class of communications that are only conditionally privileged. This rule applies to petitions, applications and remonstrances of all sorts addressed by the citizens to any officer or official body. Many others might be enumerated. Cooley on Torts, 214. The cases only conditionally privileged are those in which the utterances or publication is on a lawful occasion, which fully protects it unless the occasion has been abused to gratify malice or ill will, and no action will lie unless it is shown to be both false and malicious. Cooley on Torts, 214. *Whitney v. Allen,* 62 Ill. 472.''

Whether or not the communication involved in this controversy, and alleged to have been made in the manner and under the circumstances, and for the purposes alleged in the pleas, is privileged, constitutes the vital question in this case.

''The doctrine is well settled, that for such communications, made with honest motives, and for justifiable ends, the party making them is not responsible, the case being disrobed of one important element to constitute it slander, that is, malice, either in law or in fact. The law makes the issue to depend in these cases upon the existence or absence of this element. Thus the most ample shield of protection is extended to all who act fairly and prudently, in order that men may not be deterred by the fear of a civil action or a public prosecution, from making communications which are either important to themselves or beneficial to others.'' *Elam v. Badger,* 23 Ill. 498.

It is contended by the appellee that inasmuch as the ordinance also provides, with reference to charges of official misconduct, that if, after the council hears the evidence on both sides, two-thirds of all the aldermen vote, concerning the charges made, that the official is guilty, he shall be removed from office, which the city council had no power to do (*People v.*

*Dreher,* 302 Ill. 50), that therefore the communication was not a privileged communication. We cannot agree with this contention. The point suggested does not do away with the official capacity in which the charges are alleged to have been made; nor the alleged good faith in making them. The privilege is not based upon the legal effectiveness, nor upon the actual truth of the charges, but upon the motive of the parties making them. Moreover, the purpose of the ordinance is. two-fold; it provides for investiga- tion as well as for removal from office; and, while the removal from office was not within the scope of the council's power, the investigation of the matter of the competency, honesty and efficiency of the official, and his acts in the transaction of the business of the city, was legally and properly within the province of the council. The sustaining of the demurrer to the special pleas changed the character and scope of the issues involved, and the basis for rulings of the court on the evidence; also the character of the instructions to the jury. The court ruled in the introduction of evidence that the burden of proving that the charges made were not maliciously made, for the purpose of injuring the appellee, was on the appellant, and so in- structed the jury. The law is well settled, however, that if the communication is privileged the burden is on the plaintiff to show that the charges were made maliciously for the purpose of injuring the plaintiff. In *McDavitt v. Boyer,* 169 Ill. 475, the Supreme Court, after commenting on the general rule concerning the presumption of malice arising from the publication of an allegel libel, points out the qualification applicable to this class of cases:

"But this general rule is subject to the important qualification, that, where the injurious utterance is privileged, the law does not presume malice; and ex- press malice must be proved by the plaintiff. Priv- ileged communications constitute an exception to the general rule, that the utterance of actionable words

implies malice. Such privileged communications are presumed not to be malicious; in other words, the law does not imply malice, when the injurious communication is privileged. In such case, the occasion, on which the utterances are made, prevents the ordinary inference of malice. Greenleaf in his work on Evidence says: 'If the circumstances of the speaking and publishing are such as to repel that inference and exclude any liability of the defendant, unless upon proof of actual malice, the plaintiff must furnish such proof.' (2 Greenleaf on Evidence,—15th ed.— sec. 418.) When a communication is shown to be privileged, the burden of proof is on the plaintiff to show actual malice on the part of the defendant. 'Communications within the privilege are not actionable merely because they are false and defamatory, but express malice must be shown.' (13 Am. & Eng. Ency. of Law, pp. 405, 406; 1 Hilliard on Torts,—4th ed.—334-336; Newell on Def., Slander and Libel, p. 319.)''

See also *Whitney v. Allen,* 62 Ill. 472; *Young v. Richardson, supra; Ambrosius v. O'Farrell,* 119 Ill. App. 265; Addison on Torts, 781.

For the errors indicated, judgment is reversed and the cause remanded with directions to overrule the demurrer to the first and second special pleas.

*Reversed and remanded with directions.*